Galatea DeLapp, CA Bar #181581
Attorney at Law
1541 East Fairmont Ave., Suite 104
Fresno, CA 93704
(559) 803-0471


Attorney for Defendant
Amber Louise Lowe


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROY RICHARD TRUITT III AND AMBER LOUISE LOWE<br><br>Defendant. | Case No: 1:23-CR-000131-SASP-EPG<br><br>NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; ORDER |

TO THE HONORABLE DALE A. DROZD, UNITED STATES DISTRICT JUDGE, AND TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that on August 24, 2026, at a.m., or as soon thereafter as counsel may be heard, Galatea DeLapp, appointed counsel for Defendant Amber Lowe, will move this Court for an order permitting her to withdraw as counsel of record. This motion is based on the attached Memorandum of Points and Authorities, the Declaration of Galatea DeLapp filed under seal, and all files and records herein.

The motion is made following Defendant's filing of a motion for substitution of counsel (Docket No. 79), in which Defendant has expressed a complete lack of trust in the undersigned's

MOTION TO WITHDRAW AS COUNSEL; ORDER

1

representation and has requested new counsel.

The parties have stipulated and the court has ordered that the sentencing be continued from August 24, 2026 to November 16, 2026, (Docket No. 83) because the United States Marshals Service advised the Court that it cannot transport the defendant from Nevada to California for a hearing prior to August 24, 2026, due to a lack of available housing for her in this district. The Court has indicated in communications with counsel for the government and the defendant that it wishes to hear from the defendant before ruling on the motion to withdraw. The defendant can be produced for this hearing on August 24, 2026, because she was previously scheduled to appear in a sentencing on that date.

Respectfully submitted,

Dated: July 8, 2026 _                                       /s/ GALATEA DELAPP
                                                                  GALATEA DELAPP
                                                                  Attorney for Defendant
                                                                  Amber Louise Lowe

MOTION TO WITHDRAW AS COUNSEL; ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION & PROCEDURAL BACKGROUND

Counsel Galatea DeLapp respectfully requests permission to withdraw as appointed counsel for Defendant Amber Louise Lowe because the attorney-client relationship has completely and irreparably collapsed. On June 1, 2026, Defendant filed a pro se motion for substitution of counsel (Doc. 79), explicitly declaring an absolute loss of trust and confidence in the undersigned.

While the undersigned categorically disputes the factual allegations raised in Defendant's motion (Doc. 79), and specifically denies that counsel was ever rude, unprofessional, or labeled Defendant a "bad mother", the public record of these accusations demonstrates that the relationship is broken beyond repair.

Sentencing was previously set for August 24, 2026, but pursuant to a stipulation and order (Doc. 83), it has been continued to November 16, 2026, due to logistical transportation issues identified by the United States Marshals Service. Because the Marshals can transport Defendant to this district on August 24, 2026, counsel requests that the inquiry and hearing on this motion occur in camera and under seal on that date.

## II. LEGAL STANDARD

Withdrawal of counsel in this district is governed by Local Rule 182(d), which incorporates the standards of professional conduct required of members of the State Bar of California. Under California Rule of Professional Conduct 1.16(b)(10), an attorney may withdraw if they harbor a good-faith belief that the tribunal will find other good cause exists for withdrawal. A complete breakdown in the attorney-client relationship constitutes well-established good cause.

The Ninth Circuit recognizes that forcing an attorney to continue representing a client where an "irreconcilable conflict" has arisen violates the Sixth Amendment right to effective assistance of counsel. *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir. 1998).

## III. ARGUMENT

### A. THE ATTORNEY-CLIENT RELATIONSHIP HAS IRREPARABLY COLLAPSED

In her filing (Doc. 79), Defendant explicitly stated that her trust and confidence in counsel are

3

MOTION TO WITHDRAW AS COUNSEL; ORDER

entirely depleted. When a client openly rejects her attorney's advice and lodges formal grievances, a criminal defense attorney can no longer fulfill their ethical obligation to provide zealous and effective advocacy.

### B. CALIFORNIA ETHICAL RULES PROHIBIT COUNSEL FROM DISCLOSING FURTHER CONFIDENTIAL DETAILS TO DEFEND THE RECORD

While counsel strongly disputes the factual assertions in Doc. 79, California's strict ethical boundaries strictly limit how an attorney may respond during a withdrawal dispute. Under California Business and Professions Code § 6068(e)(1) and California Rule of Professional Conduct 1.6, an attorney has an absolute duty to "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client."

Unlike the broader ABA Model Rules, California does not recognize a blanket "self-defense" exception to confidentiality during a motion to withdraw. Under California law, an attorney seeking to withdraw due to a broken relationship must reveal no more information than is necessary to establish the breakdown, avoiding the disclosure of confidential communications or prejudicial details. See Cal. State Bar Formal Op. No. 2015-192 (holding that an attorney may not disclose client confidence to defend against client criticisms in a withdrawal motion but must instead state generally that there is an irreconcilable conflict).

Accordingly, counsel is legally and ethically restricted from going beyond a general dispute of the allegations to preserve client confidentiality. The proper remedy to protect Defendant's constitutional rights and preserve judicial efficiency is to permit withdrawal and allow substitute counsel to step in before the November 16, 2026, sentencing date.

### IV. CONCLUSION

For the reasons set forth above, counsel respectfully requests that the Court schedule an in camera, sealed hearing on August 24, 2026, to grant the motion to withdraw, and order the appointment of substitute counsel.

MOTION TO WITHDRAW AS COUNSEL; ORDER

4

Respectfully submitted,

Dated: July 8, 2026 _                              /s/ GALATEA DELAPP_____
                                                         GALATEA DELAPP
                                                         Attorney for Defendant
                                                         Amber Louise Lowe

## ORDER

Upon consideration of the Motion to Withdraw as Counsel filed by Galatea DeLapp, appointed counsel for Defendant Amber Louise Lowe, and the related pro se filing by Defendant (Doc. 79), and good cause appearing, it is hereby ordered as follows:

1. The Court will conduct an inquiry and hearing regarding the alleged breakdown of the attorney-client relationship;

2. To protect the defendant's constitutional rights and preserve the confidentiality of the attorney-client relationship under California law, the hearing shall be conducted entirely IN CAMERA and UNDER SEAL;

3. The in camera, sealed hearing is hereby set for August 24, 2026, at 9:45 a.m. in the courtroom of the Honorable Dale A. Drozd in the Fresno Courthouse;

4. The United States Marshals Service is directed to transport and produce defendant Amber Louise Lowe (Reg. No. 64409510) from her current place of detention to the federal courthouse in Fresno, California, for participation in this closed proceeding on August 24, 2026;

5. Only the Defendant, counsel Galatea DeLapp, and necessary court security personnel shall be permitted to attend the in-camera portion of this proceeding. The Government shall be excluded from the room during any specific inquiry into the communication impasse conducted by the court; and

6. The final sentencing hearing in this matter remains scheduled for November 16, 2026, pursuant to the prior order of this Court (Doc. 83).  The Court will defer ruling on the final

MOTION TO WITHDRAW AS COUNSEL; ORDER

substitution and the potential 14-day window for the appointment of new counsel by the Federal Defender's Office until the conclusion of the August 24, 2026 hearing.

IT IS SO ORDERED.

Dated: __**July 9, 2026**__        _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

MOTION TO WITHDRAW AS COUNSEL; ORDER