**Serita Rios, SBN# 246568**
**Law Office of Serita Rios**
**1435 L Street**
**Fresno, CA 93721**
**Telephone (559) 224-1800**
**Facsimile (559) 224-1806**
**serita@seritarioslaw.com**

Attorney for Defendant AMBER LOUISE LOWE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>AMBER LOUISE LOWE,<br>Defendant. | Case No. 1:23-CR-00131-SASP-EPG<br>**AMBER LOWE'S SENTENCING MEMORANDUM** |

## I.
## INTRODUCTION

Ms. Lowe respectfully requests that the Court impose a sentence of 210 months in custody, followed by 15 years of supervised release. The requested sentence represents a substantial period of imprisonment and appropriately reflects the seriousness of her conduct while also taking into consideration her personal history and characteristics, lack of criminal history, and efforts toward rehabilitation.

There is no question that the offense committed by Ms. Lowe was extremely serious. Her actions caused tremendous harm to her daughter, whom she had a responsibility to love and protect. She betrayed that trust in a way that will undoubtedly have lasting consequences. Ms. Lowe recognizes the seriousness of her conduct, accepts responsibility for her actions, and understands that she must be punished. However, the Court must also consider the person standing before it. Ms.

Lowe comes before the Court with no prior criminal convictions, a childhood marked by severe physical and sexual abuse, a long history of substance abuse and mental-health struggles, and a history of meaningful employment and helping others. Since her arrest, she has also made significant efforts to address the issues that contributed to her conduct and to make positive changes in her life. The defense is not asking the Court to excuse or minimize what happened. Rather, it asks the Court to consider Ms. Lowe's entire life, including the circumstances that brought her before the Court and the progress she has made since her arrest.

## II.
## THE GUIDELINES DO NOT FULLY ACCOUNT FOR MS. LOWE'S PERSONAL HISTORY AND CHARACTERISTICS

Although the guidelines provide the starting point for sentencing, they are advisory and do not replace the Court's responsibility to consider the individual circumstances of each defendant. Under § 3553(a), the Court must consider not only the nature and circumstances of the offense, but also the defendant's history and characteristics, the need for punishment and deterrence, protection of the public, and the need for treatment and rehabilitation.

The guideline calculation in this case reflects the seriousness of the offense, including the production of sexually explicit material involving a minor, the victim's young age, and Ms. Lowe's position as her mother. The defense recognizes that Ms. Lowe's conduct was particularly troubling because she violated her responsibility to protect her daughter and caused her tremendous harm. However, these aggravating circumstances are already reflected in the guideline calculation and should be considered alongside the significant mitigating factors that support a lesser sentence.

While the Guidelines account for the aggravating circumstances of the offense, they do not fully reflect Ms. Lowe's personal history and characteristics, including her

complete lack of criminal convictions, history of abuse and trauma, struggles with addiction and mental health, positive contributions to others, and meaningful efforts toward rehabilitation. Although these circumstances do not excuse her conduct, they provide important reasons for imposing a sentence below the advisory guideline range.

## III.
## MS. LOWE'S PERSONAL HISTORY AND CHARACTERISTICS

### A. Childhood of Abuse and Trauma

Ms. Lowe's childhood was marked by violence, sexual abuse, substance abuse, and instability. From a very young age, she was exposed to circumstances that no child should have to experience. Her father was physically abusive toward both Ms. Lowe and her mother. Her mother also struggled with alcohol and methamphetamine addiction and was physically abusive toward her.[1] Beginning at approximately four years old, Ms. Lowe was repeatedly sexually abused by an older boy who had been entrusted to care for her. The abuse continued for years.[2]

Her childhood was also marked by poverty and instability. At one point, she and her mother lived in a tent. Even after obtaining housing, the family struggled financially and sometimes lived without electricity. Despite being a child herself, Ms. Lowe assumed responsibility for caring for her younger sister and attempted to protect her from the same abuse she had experienced.[3]

These experiences had a lasting effect on Ms. Lowe. She grew up without a sense of safety or stability and without healthy examples of relationships. As an adult, she continued to struggle with abusive relationships and a need for acceptance and

[1] PSR ¶66-67.
[2] PSR ¶69.
[3] PSR ¶70-72.

approval from men who mistreated her.[4] Ms. Lowe recognizes that these experiences do not justify her conduct. However, her history of abuse and trauma is relevant to understanding the emotional and psychological difficulties she carried into adulthood and the circumstances that contributed to her poor decisions.

**B. Substance Abuse and Mental-Health Struggles**

Ms. Lowe's exposure to drugs began at a young age. She first used methamphetamine at just 13 years old after finding drugs belonging to her mother. She also began using alcohol and marijuana during her early teenage years. Although she stopped using methamphetamine for a period of time, she eventually relapsed following the end of a long-term relationship. Her drug use became increasingly serious and continued during the period leading up to her arrest.[5]

Ms. Lowe has also struggled with significant mental health issues, including reported diagnoses of PTSD, anxiety, depression, agoraphobia, and social anxiety disorder.[6] These conditions, together with her history of childhood trauma and substance addiction, affected her ability to maintain healthy relationships and cope with difficult circumstances.

During her relationship with the co-defendant, Ms. Lowe was struggling with methamphetamine addiction and had a strong need for his approval.[7] The co-defendant encouraged her to engage in the conduct that led to these offenses, and his influence, combined with her addiction and emotional dependence, played a significant role in her decisions. While these circumstances help explain her actions, Ms. Lowe recognizes that she was responsible for protecting her daughter and failed to do so. Nevertheless, her history of abuse, trauma, and mental-health struggles,

---

[4] Exhibit A, Letter from Amber Lowe.
[5] PSR ¶73, 91.
[6] PSR ¶86.

together with the co-defendant's influence, provide important context for understanding her conduct and the need for continued treatment and rehabilitation.

**C. No Prior Criminal Convictions and Positive Contributions to Others**

One of the most significant mitigating factors in this case is Ms. Lowe's complete lack of criminal history. At 48 years old, despite her difficult childhood and longstanding struggles with addiction and mental health, Ms. Lowe had never been convicted of a crime before this case. This is significant given her age and the difficulties she has faced throughout her life.

Her life aside from this offense included many positive contributions to others. From approximately 2014 through 2018, Ms. Lowe worked for Homes of Hope, beginning as an office assistant and eventually being promoted to director of early childhood education and later compliance officer. She also worked with Sunrise Family Services, assisting children and families dealing with difficult circumstances. Much of her work involved helping children who had experienced abuse, neglect, and unstable home environments. She assisted with educational programs, supported families, and worked with young people transitioning out of foster care.[8]

Outside of her employment, Ms. Lowe volunteered at her daughter's school, coached youth sports, completed foster-parent training, and participated in volunteer efforts addressing human trafficking. She also opened her home to one of her daughter's friends who was experiencing instability in her own family. For approximately five years, Ms. Lowe helped care for and raise this child.[9]

The defense recognizes that Ms. Lowe's work helping children is difficult to reconcile with the harm she caused her own daughter. While her past

---

[7] Exhibit A, Letter from Amber Lowe.
[8] PSR ¶95-96.
[9] PSR ¶76, 79.

accomplishments do not excuse her conduct, they are an important part of her personal history. They establish that she has been able to maintain steady employment, take on responsibilities, and make positive contributions in the community.

## IV.
## MS. LOWE'S EFFORTS TOWARD REHABILITATION

### A. Rehabilitation Efforts Before her Arrest

After the offense, Ms. Lowe realized that she needed to make significant changes in her life. In her letter, Ms. Lowe describes ending her relationship with the co-defendant and seeking treatment for her substance abuse. She also reports participating in an intensive outpatient treatment program and working toward completing her college education. At the time of her arrest, Ms. Lowe was only three classes away from completing her undergraduate degree.[10] Her efforts to seek treatment, pursue an education, and improve her circumstances are relevant to the Court's consideration of her potential for rehabilitation.

### B. Rehabilitation Efforts During Incarceration

Since her arrest, Ms. Lowe has made meaningful efforts to address the problems that have affected her throughout her life.

Her initial adjustment to custody was difficult. She struggled with anger, shame, and the circumstances surrounding her arrest. However, over time, she began making changes in how she responded to others and how she approached her own rehabilitation. She has participated in numerous educational and self-improvement programs addressing childhood trauma, substance abuse, accountability, emotional

[10] PSR ¶93, 95. According to the PSR, Ms. Lowe reported that she completed substance abuse treatment in 2015, however it was in 2018.

regulation, and personal responsibility.[11] She also successfully completed the Hustle 2.0 Preseason Program and Book One of the University Collection, earning honors and a score of 995 out of 1,000.[12] Among her accomplishments, Ms. Lowe completed a Victim Impact course in July 2026. She has completed numerous courses through Edovo addressing emotional maturity, emotional intelligence, childhood trauma, accountability, and shame.[13]

Ms. Lowe has participated in faith-based studies and reports completing more than 100 Bible-study courses. She has used those studies not only for her own personal growth but also to help other incarcerated women. She leads a daily Bible study group for other women in custody.[14] These accomplishments are particularly meaningful because the programs address many of the same issues that have affected Ms. Lowe throughout her life. She is beginning to recognize unhealthy patterns in her relationships, develop better coping skills, and take responsibility for the decisions she has made.

Although Ms. Lowe has taken important steps toward rehabilitation, she understands that completing these programs is only part of the work she needs to do. She knows that she has substantial work ahead of her to address her addiction, trauma, and learning how to maintain healthy relationships. Her participation in these programs and the progress she has made demonstrate her commitment to change and her potential for continued rehabilitation.

### C. Her Positive Influence on Other Incarcerated Women

Some of the strongest evidence of Ms. Lowe's rehabilitation comes from the women who have spent time with her in custody. Several have written letters

[11] Exhibit A, Letter from Amber Lowe.
[12] Exhibit B, Certificates and Letters from Hustle 2.0.
[13] Exhibit C, Various Certificates.

describing her kindness, compassion, and willingness to help others. One woman who uses a wheelchair describes how Ms. Lowe regularly assists her with bathing, dressing, laundry, meals, and other daily needs, while also providing emotional support. Other women describe how she has helped them with personal struggles, education, financial planning, and preparing for life after incarceration.[15]

These letters are particularly meaningful because they provide examples of the positive changes Ms. Lowe has already made and the impact she has had on others.

## V.
## A SENTENCE OF 210 MONTHS IS SUFFICIENT BUT NOT GREATER THAN NECESSARY

The defense recognizes that the nature and circumstances of these offenses warrant a substantial prison sentence. Ms. Lowe's conduct caused serious and lasting harm to her daughter, who should have been able to trust her mother to protect her. Ms. Lowe understands that she cannot undo that harm or expect her daughter's forgiveness. Her responsibility now is to accept the consequences of her actions, respect her daughter's wishes and boundaries, and continue working toward rehabilitation.

In determining the sentence necessary to accomplish these purposes, the Court should also consider Ms. Lowe's complete lack of criminal history, particularly at 48 years old, and the meaningful progress she has made toward rehabilitation. Although she continues to face challenges related to trauma, addiction, and mental health, she has demonstrated a willingness to address these issues through treatment, education, and helping others.

[14] PSR ¶31.
[15] Exhibit D, Various Letters.

A sentence of 210 months, or 17 1/2 years in federal prison, is a substantial punishment that reflects the seriousness of the offenses, promotes respect for the law, and provides meaningful deterrence. Ms. Lowe will also be subject to 15 years of supervised release, with appropriate treatment, monitoring, and restrictions to protect the public.

The defense recognizes the seriousness of Ms. Lowe's offense and the aggravating circumstances involved, which have been accounted for in the guideline calculation. In determining an appropriate sentence, the Court should also give meaningful consideration to the mitigating circumstances that are not fully accounted for by the Guidelines, including Ms. Lowe's history of abuse and trauma, struggles with addiction, complete lack of prior convictions, positive contributions to others, and efforts toward rehabilitation. Considered together, these factors support the requested downward variance.

## VI.
## CONCLUSION

For the reasons stated above, Ms. Lowe respectfully requests that the Court consider her personal history and characteristics, along with her efforts toward rehabilitation, and impose a downward variance to 210 months.

Dated: November 5, 2026

Respectfully Submitted,

*/s/ Serita Rios*

**Serita Rios**
Attorney for Defendant