ERIC GRANT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>AMBER LOUISE LOWE,<br>Defendant. | CASE NO. 1:23-CR-00131 SASP-EPG<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT (PSR)<br><br>DATE: November 16, 2026<br>TIME: 10:00 a.m.<br>COURT: Hon. Dale A. Drozd |

## I. INTRODUCTION

The United States, by and through its attorneys, Eric Grant, United States Attorney, and David Gappa, Assistant United States Attorney, responds to the defendant's formal objections to the PSR to aid the court in arriving at the most appropriate sentence in this case.

## II. RESPONSE TO DEFENSE OBJECTIONS

The defendant has objected to application of United States Sentencing Guideline (USSG) § 2G2.1(b)(6)(B) for use of a computer in connection with her sexual exploitation of a minor. The probation office correctly rejected the defendant's informal objection to application of this specific offense characteristic. The court should overrule the defendant's formal objection, because the defendant has not provided a factually or legally sufficient reason for the court to sustain the objection.

The defendant has argued that "the PSR does not establish that a computer or interactive computer service was used to solicit participation in sexually explicit conduct for the purpose of producing sexually explicit material or transmitting that material live, as required by the guideline."

Docket No. 95 at 1. But the relevant provision applies if "the offense involved (B) the use of a computer or an interactive computer service to (i) persuade, induce, entice, [or] coerce . . . a minor to engage in sexually explicit conduct; or (ii) solicit participation with a minor in sexually explicit conduct." Application Note 6 provides that "(b)(6)(B) is intended to apply . . . to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor."

The challenged provision applies to the defendant's offense conduct as well as that of co-defendant Truitt. The indictment alleges that defendant Lowe used a computer to commit the offense:

> between on or about August 28, 2018, and continuing through on or about September 2, 2018, in the County of Kern, State and Eastern District of California, knowingly employed, used, persuaded, induced, enticed, and coerced, and attempted and conspired to employ, use, persuade, induce, entice, and coerce, a minor, "Minor Victim 1," to engage in any sexually explicit conduct . . . for the purpose of producing any visual depiction of such conduct, with knowledge and reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and **such visual depiction was produced** and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, **including by computer**. Docket Item 20 (emphasis supplied).

The defendant's plea agreement also contains a specific reference to the defendant engaging in prohibited sexual conduct with a minor on August 28, 2018, for the purpose of producing a visual depiction of that conduct. Specifically, the agreement states that

> On or about August 28, 2018, Defendant used and employed Minor Victim 1 (who was 8 years old at that time) to take part in sexually explicit conduct . . . for the purpose of producing a visual depiction of such conduct []. Defendant knew that the visual depictions would be transported across state lines using the internet, and agrees that **the visual depiction was produced and/or transmitted** using materials that had been mailed, shipped, and/or transported across state lines and/or in foreign commerce, **including by computer**. Defendant engaged in prohibited sexual conduct with a minor. Docket Item 62 – Exhibit A lines 9-13 (emphasis supplied).

Lowe took the images with the camera on her "smartphone" and then used that device to transmit the images to Truitt. Lowe's phone is considered a computer under the definition of "computer" at Application Note 1; *see also United States v. Wise*, 134 F.4th 745 (3d Cir. 2025).

The criminal complaint affidavit also provides context for the defendant's admissions in her plea agreement. A few days after Lowe sent sexually explicit images of a minor victim to Truitt, Truitt and Lowe exchanged text messages about the continued exploitation of the victim. After Lowe confirmed to Truitt that the victim was within her immediate presence and control, Truitt told Lowe to "[a]sk her if I can see her spread open in her panties. Or, you know, pussy pics. LOL." Lowe then sent at least one image of a minor victim engaged in sexually explicit conduct. Truitt responded by sending two videos of himself masturbating with a request that Lowe show the videos to the victim. Lowe went on to explain that she told the victim that she was taking the sexually explicit images of the victim to submit to a modeling agency "to see if she was pretty enough to go in the magazine . . ." Truitt said, "I want her number. I'll download a text app. Then I can act like the agent and tell her that you submitted the pics to me and that I loved them." Docket Item 1 – Complaint Affidavit at 11-12 (¶ ¶ b-c).

Based on this evidence, defendant Truitt agreed to the same two-level increase in offense level under § 2G2.1(b)(6)(B) that defendant Lowe has challenged. Truitt also admitted that "he used a computer to solicit participation with a minor in sexually explicit conduct." Docket Item 68 – Exhibit A lines 14-16. The evidence therefore establishes that defendant Lowe used a computer (her cellphone) to induce or entice the minor victim to engage in sexually explicit conduct by deceiving the victim into believing that the images being created were being sent to a modeling agency for evaluation and possible publication. She created the sexually explicit images of the minor victim and then transmitted them to defendant Truitt at his request.

The defendant also points the court to her plea agreement and argues that "the government is not seeking this enhancement." Docket Item 95 at 3:25-26. But the plea agreement specifically states that the estimated "guidelines variables" "shall not be binding on the Court, the Probation Office, or the parties." The plea agreement also makes abundantly clear in the first pages that the "Court is not a party to this plea agreement." And "the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant . . . [and the] Court is under no obligation to accept any

recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in the plea agreement." Docket Item 62 at 1-2. Thus, the government is free to argue for application of the challenged specific offense characteristic, and the court can make any finding and impose any sentence that it believes is most appropriate.

## III. CONCLUSION

The court should overrule the defendant's objection to application of USSG § 2G2.1(b)(6)(B) for use of a computer to commit the offense in count one of the indictment.

Dated: November 9, 2026

ERIC GRANT
United States Attorney

By: /s/ DAVID GAPPA
DAVID GAPPA
Assistant United States Attorney